UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-60216-CR-COHN/SNOW

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

KENNETH PAUL WILK,
  a/k/a "Wolfpackeines,"

        Defendant.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the Superseding Indictment.

**Duty to Follow Instructions**
**<u>Presumption of Innocence</u>**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.

The Superseding Indictment or formal charge against any Defendant is not evidence of guilt.  Indeed, every Defendant is presumed by the law to be innocent.  The law does not require a Defendant to prove innocence or to produce any evidence at all.  The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

## Definition of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**Consideration of the Evidence**
**Direct and Circumstantial**
**Argument of Counsel**
**<u>Comments by the Court</u>**

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## **Credibility of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

**Impeachment**
**Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify.  If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

## Informer

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

## Expert Witnesses

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

## Note Taking

In this case you have been permitted to take notes during the course of the trial, and most of you – perhaps all of you – have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.  In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

## Explanatory Instruction—Transcript Of Tape Recorded Conversation

As you have seen and heard, there have been numerous exhibits introduced which were identified as a typewritten transcripts of various oral conversations that can be heard on the numerous tape recordings received in evidence.  Those transcripts also purport to identify the speakers engaged in such conversations.

I have admitted those transcripts for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recordings, and also to aid you in identifying the speakers.

However, you are specifically instructed that whether any of the transcripts correctly or incorrectly reflect the content of the conversations, or the identity of the speakers, is entirely for you to determine based upon your own examination of each of the transcripts in relation to your hearing of the corresponding tape recordings itself as the primary evidence of its own contents; and, if you should determine that any transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

## Introduction To Offense Instructions
## (In Conspiracy Cases)

At this time I will explain the Superseding Indictment which charges seven separate offenses called "counts." I will not read it to you at length because you will be given a copy of the Superseding Indictment for reference during your deliberations.

In summary, Count 1 charges that, on or about August 19, 2004, the Defendant with malice aforethought and from a premeditated design intentionally killed Broward County Sheriff's Office Deputy Todd M. Fatta, a State and local law enforcement officer, while Fatta, in the course of his official duties, was working with Federal Officer Christopher Harvey, in furtherance of a Federal criminal investigation. Count 2 charges that, on or about August 19, 2004, the Defendant killed Todd M. Fatta with malice aforethought and from a premeditated design, to effect the death of a human being, while Fatta was working with Federal Officer Christopher Harvey, during the course of Harvey's official duties in conducting a Federal criminal investigation. Count 3 charges that, on or about August 19, 2004, the Defendant attempted to kill Angelo Cedeno with malice aforethought and from a premeditated design, to effect the death of a human being, while Cedeno was working with Federal Officer Christopher Harvey, during the course of Harvey's official duties in conducting a Federal criminal investigation. Count 4 charges that, on or about August 19, 2004, the Defendant knowingly carried and used a firearm in furtherance of a crime of violence, that is, the murder of Deputy Sheriff Todd M. Fatta as charged in Counts 1 and 2. Count 5 charges that the Defendant, through threats of force, or by letter and communication, corruptly endeavored to obstruct justice during the pendency of a Federal criminal prosecution of Kelly Ray Jones, from on or about July 6, 2001 through on or about March 28, 2002. Count 6

11

charges the Defendant with knowing possession of child pornography on computer-related media, from in or around May 2004 through on or about August 19, 2004. Count 7 charges that, from on or about July 15, 2004 and continuing through on or about August 19, 2004, the Defendant conspired with Kelly Ray Jones to use intimidation, corruptly persuade and mislead another person to prevent and hinder testimony in an official proceeding, and also to corruptly alter, destroy and conceal evidence from use at an official proceeding and to obstruct that official proceeding.

**Murder of State Law Enforcement Officer**
**18 U.S.C. § 1121**
**(Count 1)**

Title 18, United States Code, Section 1121, makes it a Federal crime or offense for anyone to intentionally kill a State or local law enforcement officer engaged in the performance of his official duties while assisting a Federal Officer in a Federal criminal investigation.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:      That the victim named in the Superseding Indictment, Deputy Sheriff Todd M. Fatta, was killed;

Second:      That Todd M. Fatta was a State or local law enforcement officer engaged in the performance of his official duties at the time he was killed;

Third:      That Todd M. Fatta was working with a Federal law enforcement officer in connection with a Federal criminal investigation at the time he was killed;

Fourth:      That the Defendant intentionally killed Todd M. Fatta;

Fifth:      That the Defendant caused the death of Todd M. Fatta with "malice aforethought;" and

Sixth:      That the Defendant did so with "premeditated intent."

To kill "intentionally" means to act voluntarily and with the specific intent that the underlying crime be committed – that is to say, with bad purpose, either to disobey or disregard the law – not to act by ignorance, accident, or mistake.

The Government need not prove that the Defendant hated the person killed or felt ill will toward the victim at the time, but the evidence must establish beyond a reasonable doubt that the Defendant acted either with the intent to kill or to willfully do acts with callous and wanton disregard for the consequences and which the Defendant

13

knew would result in a serious risk of death or serious bodily harm.

To kill with "malice aforethought" means an intent at the time of the killing to take the life of another person, either deliberately and intentionally, or to willfully act with callous and wanton disregard for human life.  The Government need not prove that the Defendant hated the person killed or felt ill will toward the victim at the time, but the evidence must establish beyond a reasonable doubt that the Defendant acted either with the intent to kill or to willfully do acts with callous and wanton disregard for the consequences and which the Defendant knew would result in a serious risk of death or serious bodily harm.

Killing with "premeditated intent" is required in addition to proof of malice aforethought in order to establish the offense of first degree murder.  Premeditation is typically associated with killing in cold blood and requires a period of time in which the accused deliberates, or thinks the matter over, before acting.  The law does not specify or require any exact period of time that must pass between the formation of the intent to kill and the killing itself.  It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent.

It is not necessary, however, for the Government to prove that the person killed – Todd M. Fatta – was the person whom the Defendant intended to kill.  If a person forms an intent to kill one person and in attempting to kill that person actually kills another person, the killing is intentional.

The Government is not required to prove that the Defendant knew that Christopher Harvey was a Federal Law Enforcement Officer or that Todd M. Fatta was a State or local law enforcement officer engaged in the performance of his duties, so long as Christopher Harvey was in fact a Federal Law Enforcement Officer and Todd M.

14

Fatta was a State or local law enforcement officer engaged in the performance of his duties.

You are further instructed that the Bureau of Immigrations and Customs Enforcement, ("ICE"), formerly known as the United States Customs Service is a Federal law enforcement agency.

**Murder of Person Assisting Federal Agent in Performance of Duties**
**18 U.S.C. § 1114**
**(Count 2)**

Title 18, United States Code, Section 1114, makes it a Federal crime or offense

for anyone to murder anyone assisting a Federal officer or Federal employee while that

Federal officer or employee was carrying out the performance of his official duties.

Murder is the unlawful killing of a human being with malice aforethought.

The Defendant can be found guilty of that offense only if all of the following facts

are proved beyond a reasonable doubt:

First:      That the victim named in the Superseding Indictment,
            Todd M. Fatta, was killed;

Second:     That Todd M. Fatta was assisting a Federal law enforcement
            officer in the performance of that officer's official duties
            at the time that he was killed or he was killed on
            account of that assistance;

Third:      That the Defendant caused the death of Todd M. Fatta
            with "malice aforethought," as charged; and

Fourth:     That the Defendant did so with "premeditated
            intent."

The Government need not prove that the Defendant hated the person killed or

felt ill will toward the victim at the time, but the evidence must establish beyond a

reasonable doubt that the Defendant acted either with the intent to kill or to willfully do

acts with callous and wanton disregard for the consequences and which the Defendant

knew would result in a serious risk of death or serious bodily harm.

To kill with "malice aforethought" means an intent at the time of the killing to take

the life of another person, either deliberately and intentionally, or to willfully act with

callous and wanton disregard for human life.  The Government need not prove that the

Defendant hated the person killed or felt ill will toward the victim at the time, but the

16

evidence must establish beyond a reasonable doubt that the Defendant acted either with the intent to kill or to willfully do acts with callous and wanton disregard for the consequences and which the Defendant knew would result in a serious risk of death or serious bodily harm.

Killing with "premeditated intent" is required in addition to proof of malice aforethought in order to establish the offense of first degree murder. Premeditation is typically associated with killing in cold blood and requires a period of time in which the accused deliberates, or thinks the matter over, before acting. The law does not specify or require any exact period of time that must pass between the formation of the intent to kill and the killing itself. It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent.

It is not necessary, however, for the Government to prove that the person killed – Todd M. Fatta – was the person whom the Defendant intended to kill. If a person forms a premeditated intent to kill one person and in attempting to kill that person actually kills another person, the killing is premeditated.

The Government is not required to prove that the Defendant knew that Christopher Harvey was a Federal Law Enforcement Officer engaged in the performance of his official duties, so long as Christopher Harvey was in fact a Federal Law Enforcement Officer engaged in the performance of his official duties.

You are further instructed that the Bureau of Immigrations and Customs Enforcement, ("ICE"), formerly known as the United States Customs Service is a Federal law enforcement agency.

**Attempted Murder of Person Assisting Federal Agent in Performance of Duties**
**18 U.S.C. § 1114**
**(Count 3)**

Title 18, United States Code, Section 1114, makes it a Federal crime or offense for anyone to attempt to murder anyone assisting a Federal officer or Federal employee while that Federal officer or employee was carrying out the performance of his official duties.  Murder is the unlawful killing of a human being with malice aforethought.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:        That the Defendant did something that was a substantial step toward killing the victim named in the Superseding Indictment, Angelo Cedeno;

Second:     That Angelo Cedeno was assisting a Federal law enforcement officer in the performance of that officer's official duties at the time the Defendant intended to kill Angelo Cedeno and took a substantial step toward the attempted killing or the attempted killing was perpetrated on account of that assistance;

Third:       That the Defendant acted with "malice aforethought," as charged; and

Fourth:      That the Defendant acted with "premeditated intent."

The Government need not prove that the Defendant hated the person attempted to be killed or felt ill will toward the victim at the time, but the evidence must establish beyond a reasonable doubt that the Defendant acted either with the intent to kill or to willfully do acts with callous and wanton disregard for the consequences and which the Defendant knew would result in a serious risk of death or serious bodily harm.

To attempt to kill with "malice aforethought" means an intent at the time of the attempted killing to take the life of another person, either deliberately and intentionally, or to willfully act with callous and wanton disregard for human life.  The Government

18

need not prove that the Defendant hated the person attempted to be killed or felt ill will toward the victim at the time, but the evidence must establish beyond a reasonable doubt that the Defendant acted either with the intent to kill or to willfully do acts with callous and wanton disregard for the consequences and which the Defendant knew would result in a serious risk of death or serious bodily harm.

Attempted killing with "premeditated intent" is required in addition to proof of malice aforethought in order to establish the offense of attempted first degree murder. Premeditation is typically associated with an attempted killing in cold blood and requires a period of time in which the accused deliberates, or thinks the matter over, before acting.  The law does not specify or require any exact period of time that must pass between the formation of the intent to kill and the attempted killing itself.  It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent.

It is not necessary, however, for the Government to prove that the person attempted to be killed – Angelo Cedeno – was the person whom the Defendant intended to kill.  If a person forms a premeditated intent to kill one person and in attempting to kill that person actually attempts to kill another person, the attempted killing is premeditated.

The "substantial step" required to establish an attempt must be something beyond mere preparation; it must be an act which, unless frustrated by some condition or event, would have resulted, in the ordinary and likely course of things, in the commission of the crime being attempted. The Government may have presented evidence of several acts taken by the Defendant, each of which may constitute a "substantial step."  In that event, you must all unanimously agree upon which act

19

constituted the substantial step.

The Government is not required to prove that the Defendant knew that Christopher Harvey was a Federal Law Enforcement Officer engaged in the performance of his official duties, so long as Christopher Harvey was in fact a Federal Law Enforcement Officer engaged in the performance of his official duties.

You are further instructed that the Bureau of Immigrations and Customs Enforcement, ("ICE"), formerly known as the United States Customs Service is a Federal law enforcement agency.

## Lesser Included Offense(s) And Sentence Enhancers

In some cases the law which a Defendant is charged with breaking actually covers two or more separate crimes—one is more serious than the second or third—and the second and third crimes are generally called "lesser included offenses."

So, in this case, with regard to the offenses charged in Counts 1, 2 or 3 of the Superseding Indictment, if you should find the Defendant "not guilty" of that crime as defined in these instructions, you should then proceed to decide whether the Defendant is guilty or not guilty of the first lesser included offense of Second Degree Murder or Attempted Second Degree Murder.  The lesser included offense would consist of proof beyond a reasonable doubt of all of the facts stated before as necessary to a conviction under Counts 1, 2 or 3 except for the element of premeditation.

If you find the Defendant "not guilty" of the crime as charged in either Count 1, 2 or 3, and also find the Defendant "not guilty" of the lesser included offense just discussed, you should then proceed to decide whether the Defendant is guilty or not guilty of a second lesser included offense of Voluntary Manslaughter or Attempted Voluntary Manslaughter.  To find the Defendant guilty of the lesser included offense of Voluntary Manslaughter or Attempted Voluntary Manslaughter you must find that the Defendant acted intentionally but without malice and in the heat of passion caused by adequate provocation.  The "heat of passion" is a passion of fear or rage in which the Defendant loses his normal self-control as a result of circumstances that would provoke such a passion in an ordinary person, but which did not justify the use of deadly force. Additionally, you must find proof beyond a reasonable doubt of all of the facts stated before as necessary to a conviction under Counts 1, 2, or 3, except for the elements of premeditation and malice aforethought.

21

If you find the Defendant "not guilty" of the crime as charged in either Count 1, 2 or 3, and also find the Defendant "not guilty" of the lesser included offenses just discussed, you should then proceed to decide whether the Defendant is guilty or not guilty of a third lesser included offense of Involuntary Manslaughter or Attempted Involuntary Manslaughter.  To find the Defendant guilty of the lesser included offense of Involuntary Manslaughter or Attempted Involuntary Manslaughter, you must find that the Government proved beyond a reasonable doubt that the Defendant (1) acted with gross negligence, meaning a wanton or reckless disregard for human life; and (2) had knowledge that his conduct was a threat to the life of another or knowledge of such circumstances as could reasonably have enabled him to foresee the peril to which his act might subject another.  Additionally, you must find proof beyond a reasonable doubt of all of the facts stated before as necessary to a conviction under Counts 1, 2, or 3, except for the elements of premeditation and malice aforethought.

**Carrying/Using/Possessing A Firearm During Or In
Furtherance Of Crime Of Violence
18 U.S.C. §  924(c)(1)(A)
18 U.S.C. § 924(j)(1)
<u>(Count 4)</u>**

Title 18, United States Code, Section 924(j)(1), makes it a separate Federal

crime or offense for anyone to use and carry a firearm during and in relation to a crime

of violence and to possess a firearm in furtherance of a crime of violence, and during

the course of this violation cause the death of a person, which killing was murder as

defined in Counts 1 and 2 of this Superseding Indictment.

The Defendant can be found guilty of this offense as charged in Count 4 of the

Superseding Indictment only if all of the following facts are proved beyond a reasonable

doubt:

<u>First</u>:      That the Defendant committed the crime of violence
            charged in Count 1 or Count 2 of the Superseding
            Indictment;

<u>Second</u>:   That during the commission of either offense
            the Defendant knowingly used and carried a
            firearm, as charged;

<u>Third</u>:    That the Defendant used and carried the firearm "in
            relation to" the crime of violence or that the Defendant
            possessed the firearm "in furtherance of" the crime of
            violence; and

<u>Fourth</u>:   That the Defendant caused the death of a person through
            the use of a firearm, which killing was murder as defined
            in Counts 1 and 2 of the Superseding Indictment.

The term "firearm" means any weapon which is designed to, or may readily be

converted to, expel a projectile by the action of an explosive; and the term includes the

frame or receiver of any such weapon or any firearm muffler or firearm silencer.

To "carry" a firearm means that the Defendant either had a firearm on or around

his person <u>or</u> transported, conveyed or controlled a firearm in such a way that it was available for immediate use if the Defendant so desired during the commission of the crime of violence; and to carry a firearm "in relation to" an offense means that there must be a connection between the Defendant, the firearm, and the crime of violence so that the presence of the firearm was not accidental or coincidental, but facilitated the crime by serving some important function or purpose of the criminal activity.

The Superseding Indictment charges that the Defendant knowingly carried a firearm during and in relation to a crime of violence and possessed a firearm in furtherance of a crime of violence.  It is charged, in other words, that the Defendant violated the law as charged in Count 4 in two separate ways.  It is not necessary, however, for the Government to prove that the Defendant violated the law in <u>both</u> of those ways.  It is sufficient if the Government proves, beyond a reasonable doubt, that the Defendant knowingly violated the law in <u>either</u> way; but, in that event, you must unanimously agree upon the way in which the Defendant committed the violation.

**Endeavoring to Obstruct the Due Administration of Justice**
**18 U.S.C. § 1503**
**(Count 5)**

Title 18, United States Code, Section 1503, makes it a Federal crime or offense for anyone corruptly, by threats or force, and by any threatening letter or communication to endeavor to influence, obstruct or impede the due administration of justice.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That there was a proceeding pending before the United States District Court as described in the Superseding Indictment;

Second: That the Defendant by threats, (and) by a threatening letter or communication endeavored to influence, obstruct or impede the due administration of justice in that judicial proceeding, as charged; and

Third: That the Defendant's acts were done knowingly and corruptly.

To "endeavor" means to strive or to attempt to accomplish a goal or a result; and to endeavor to "influence, obstruct or impede" the due administration of justice means to take some action for the purpose of swaying or changing, or preventing or thwarting in some way any of the actions likely to be taken in the judicial proceeding involved.

To act "corruptly" means to act knowingly and dishonestly with the specific intent to influence, obstruct or impede the due administration of justice.

While it must be proved that the Defendant corruptly endeavored to influence, obstruct or impede the due administration of justice by threats or force (or) by a threatening letter or communication as charged, and that the natural and probable effect of the Defendant's acts would be to influence, obstruct or impede the due

administration of justice, it is not necessary for the Government to prove that the judicial

proceeding was in fact influenced or obstructed or impeded in any way.

**<u>Aiding And Abetting (Agency)</u>**

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged.  The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of a Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it.  Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime.  You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

**Child Pornography**
**Receiving, Possessing, Distributing**
**18 U.S.C. § 2252A(a)(5)(B)**
**(Count 6)**

Title 18, United States Code, Section 2252A makes it a Federal crime or offense for any person to knowingly possess any child pornography that has been transported, shipped, or mailed in interstate or foreign commerce including by computer.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:       That the Defendant knowingly *and unlawfully* possessed an item or items of child pornography, as charged;

Second:    That such item[s] of child pornography had been transported, shipped or mailed in interstate or foreign commerce including by computer, as charged; and

Third:      That at the time of such possession the Defendant believed that such item[s] constituted or contained child pornography, as hereafter defined.

The term "interstate or foreign commerce" means the movement of property from one state to another state or from one state to another country.  The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.  It is not necessary for the Government to prove that the Defendant knew that the alleged child pornography had moved in interstate or foreign commerce, only that it had so moved.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include

28

an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The term "child pornography" means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.  The term "minor" means any person under the age of eighteen (18) years.

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

The term "sexually explicit conduct" means actual or simulated:

(a)     sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

(b)     bestiality;

(c)     masturbation;

(d)     sadistic or masochistic abuse; or

(e)     lascivious exhibition of the genitals or pubic area of any person.

Regarding the last type of sexually explicit conduct – "lascivious exhibition" – not every exposure of the genitals or pubic area constitutes a lascivious exhibition.  In determining whether a visual depiction constitutes a lascivious exhibition, you should consider the context and setting in which the genitalia or pubic area is being displayed. You may consider the overall content of the material.  You may also consider such factors as whether the focal point of the visual depiction is on the minor's genitalia or

pubic area, or whether there is some other focal point.  You may consider whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity.  In addition you may consider whether the minor appears to be displayed in an unnatural pose or in inappropriate attire.  You may also consider whether the minor is partially clothed or nude.  You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer.  Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition.

**Deliberate Ignorance**
**(as Proof of Knowledge)**

When knowledge of the existence of a particular fact is an essential part of an offense, such knowledge may be established if the Defendant is aware of a high probability of its existence, unless the Defendant actually believes that it does not exist.

So, with respect to the issue of the Defendant's knowledge in this case, if you find from all the evidence beyond a reasonable doubt that the Defendant believed that he possessed child pornography as defined in Count 6 of the Superseding Indictment, and deliberately and consciously tried to avoid learning that there was child pornography on the electronic media recovered from 1950 NE 57th Street, Fort Lauderdale, Florida, in order to be able to say, if apprehended, that he did not know the contents of that electronic media, you may treat such deliberate avoidance of positive knowledge as the equivalent of knowledge.

In other words, you may find that a Defendant acted "knowingly" if you find beyond a reasonable doubt either: (1) that the Defendant actually knew that he possessed child pornography as defined in Count 6 of the Superseding Indictment; or (2) that he deliberately closed his eyes to what he had every reason to believe was the fact.

I must emphasize, however, that the requisite proof of knowledge on the part of the Defendant cannot be established by merely demonstrating that the Defendant was negligent, careless or foolish.

**Conspiracy to Obstruct Justice**
**18 U.S.C. § 1512(k)**
**(Count 7)**

Title 18, United States Code, Section 1512(k) makes it a Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to obstruction of justice or witness tampering as a violation of any other provision of Section 1512. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the Superseding Indictment were members of the scheme; or that those who were members had entered into any formal type of agreement; or that the members had planned together all of the details of the scheme or the "overt acts" that the Superseding Indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of any overt act), it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt as to Count 7 is:

First:      That two or more persons, in this case the Defendant
            and Kelly Ray Jones, in some way or manner, came
            to a mutual understanding to try to accomplish a
            common and unlawful plan, that is, to either (1) use
            intimidation, corrupt persuasion, and engage in
            misleading conduct toward another person with the
            intent to influence, delay, and prevent testimony at an

32

official proceeding, and to hinder, delay and prevent the communication of information to a law enforcement officer or judge of the United States of America relating to the possible commission of a Federal offense; or (2) corruptly alter, destroy, mutilate, and conceal any document and other object with the intent to impair the object's integrity or availability for use at an official proceeding; or (3) corruptly obstruct, influence, and impede, and attempt to do so, any official proceeding.

Second:      That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

Third:        That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the Superseding Indictment; and

Fourth:      That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

An "overt act" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing

33

alone, establish proof of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

In this instance, with regard to the alleged conspiracy, the Superseding Indictment charges the Defendant with conspiracy to violate Title 18, United States Code, Sections 1512(b)(1), (b)(3), (c)(1) and (c)(2).  It is charged, in other words, that the Defendant conspired to commit three separate substantive crimes or offenses.

First, the Defendant is charged with violating Title 18, United States Code, Sections 1512(b)(1) and 1512(b)(3).  In order to establish a violation of Title 18, United States Code, Sections 1512(b)(1) and 1512(b)(3), the Government must prove the following three essential elements beyond a reasonable doubt:

| | |
|---|---|
| <u>First:</u> | The Defendant knowingly and willfully engaged in intimidation, corrupt persuasion, and misleading conduct toward another person; |
| <u>Second:</u> | The Defendant did so with the intent to influence, delay, and prevent the testimony of any person at an official proceeding or to hinder, delay, or prevent the communication of information to a law enforcement officer or judge of the United States; and |
| <u>Third:</u> | That such information related to the commission or possible commission of a Federal offense. |

The term "another person" means any person, regardless of whether he or she possessed knowledge of the commission or possible commission of a Federal crime.

The term "commission or possible commission of a Federal offense," as used in this case, refers to possession and transmission of child pornography by means of computer-related media in interstate commence.

For purposes of this offense, you are instructed that the term "misleading conduct" means:

34

(1)    knowingly making a false statement; or

(2)    intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading, or intentionally concealing a material fact, and thereby creating a false impression by such statement; or

(3)    with intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity; or

(4)    with intent to mislead, knowingly submitting or inviting reliance on a sample, specimen, map, photograph, boundary mark, or other object that is misleading in a material respect; or

(5)    knowingly using a trick, scheme or device with intent to mislead.

The Government does not need to prove any state of mind with respect to the circumstances that the judge or law enforcement officer is an official or employee of the Federal government.  That is, the Government does not need to prove that the Defendant knew that the law enforcement officer was a Federal law enforcement officer, or that the judge was a Federal judge, so long as the law enforcement officer or judge is, in fact, a law enforcement officer or judge of the United States.  The term "law enforcement officer" means an officer or employee of the Federal government, or a person authorized to act for or on behalf of the Federal government or serving the Federal government as an advisor or consultant authorized under law to engage in or supervise the prevention, detection, investigation, or prosecution of an offense.

While the Government must prove beyond a reasonable doubt that the Defendant intended to hinder, delay, or prevent the communication of information actually related to the commission or possible commission of a Federal offense, the Government does not need to prove that the Defendant knew that the offense was Federal in nature.

The second crime that the Defendant is accused of conspiring to commit in Count 7 of the Superseding Indictment is a violation of Title 18, United States Code, Section 1512(c)(1).  In order to establish a violation of Title 18, United States Code, Section 1512(c)(1), the Government must prove the following three essential elements beyond a reasonable doubt:

First:      The Defendant acted with corrupt intent;

Second:     The Defendant altered, destroyed, mutilated, and concealed a record, document, and other object; and

Third:      The Defendant did so with the intent to impair the object's integrity or availability for use in an official proceeding.

The third crime that the Defendant is accused of conspiring to commit in Count 7 of the Superseding Indictment is a violation of Title 18, United States Code, Section 1512(c)(2).  In order to establish a violation of Title 18, United States Code, Section 1512(c)(2), the Government must prove the following two essential elements beyond a reasonable doubt:

First:      The Defendant acted with corrupt intent; and

Second:     The Defendant intended to obstruct, influence, and impede, and attempted to do so, any official proceeding.

To act "corruptly" means to act knowingly and dishonestly with the specific intent to influence, obstruct or impede the due administration of justice.

The terms "material fact" and "material respect," as used in this instruction, refer to a fact that has a natural tendency to affect or influence, or is capable of affecting or influencing, the exercise of one's decision making process.  In other words, a fact is material if it relates to something important as distinguished from some unimportant or trivial detail.  The Defendant may be convicted of conspiracy to violate this statute even

if the goal or goals of the conspiracy were not achieved.

If you find that the conspiracy charged did not exist, then you must return a not guilty verdict even though you may find that some other conspiracy existed. Similarly, if you find that the Defendant was not a member of the charged conspiracy, you must find that Defendant not guilty even though that Defendant may have been a member of some other conspiracy.

You are further instructed that under the law an official proceeding need not be pending or about to be instituted at the time of the offense. In addition, the Government does not have to prove that the Defendant knew that the official proceeding was then pending, nor does the Government have to prove that the Defendant knew that the proceeding was actually before a Federal judge, Federal court, Federal grand jury, or Federal agency.

## Multiple Objects

As you were previously instructed, Count 7 of the Superseding Indictment charges the Defendant with conspiring with Kelly Ray Jones to commit three separate offenses.

In such a case it is not necessary for the Government to prove that the Defendant willfully conspired to commit all three, or even two, of those substantive offenses.  It would be sufficient if the Government proves, beyond a reasonable doubt, that the Defendant willfully conspired with Kelly Ray Jones to commit one of those offenses; but, in that event, in order to return a verdict of guilty, you must unanimously agree upon which of the three offenses the Defendants conspired to commit have been proved beyond a reasonable doubt.

## Multiple Conspiracies
## 18 U.S.C. § 371

You are further instructed, with regard to the alleged conspiracy offense, that proof of several separate conspiracies is not proof of the single, overall conspiracy charged in the Superseding Indictment unless one of the several conspiracies which is proved is the single conspiracy which the Superseding Indictment charges.

What you must do is determine whether the single conspiracy charged in Count 7 of the Superseding Indictment existed between two or more conspirators. If you find that no such conspiracy existed, then you must acquit the Defendant of that charge. However, if you decide that such a conspiracy did exist, you must then determine who the members were; and, if you should find that the Defendant was a member of some other conspiracy, not the one charged in the Superseding Indictment, then you must acquit the Defendant.

In other words, to find the Defendant guilty you must unanimously find that the Defendant was a member of the conspiracy charged in Count 7 of the Superseding Indictment and not a member of some other separate conspiracy.

## Self-Defense

An issue in this case is whether the Defendant acted in self-defense.  It is a defense to Counts 1, 2, 3 and 4 of the Superseding Indictment if the death of Todd M. Fatta and the injuries to Angelo Cedeno resulted from the justifiable use of deadly force. "Deadly force" is that amount of force which is likely to cause death or serious bodily injury.  Use of deadly force is justifiable when the Defendant reasonably believes that it is necessary for the defense of himself against the immediate use of force likely to cause death or serious bodily injury to himself.

The Defendant had the right to employ deadly force in order to defend himself if:

(1)     The Defendant reasonably believed that Todd M. Fatta and Angelo Cedeno were intruders (not law enforcement officers, engaged in the performance of their duties);

(2)     The Defendant was not the aggressor; and

(3)     The Defendant had reasonable grounds to believe and actually did believe that he was in imminent danger of death or serious bodily harm from which he could save himself only by using deadly force against his assailants.

Once a claim of self-defense is raised, the Government has the burden of refuting or negating that claim.  The absence of self-defense must be proven beyond a reasonable doubt by the Government.  In order to refute or negate a claim of self-defense, the Government must prove beyond a reasonable doubt either:

(1)     That the Defendant knew or had reason to know Todd M. Fatta and Angelo Cedeno were law enforcement officers engaged in the performance of their duties; or

(2)     That the Defendant's use of deadly force would not have qualified as self-defense even if Todd M. Fatta and Angelo Cedeno had, in fact, been private citizens.

In order for the Defendant to have been justified in the use of deadly force against a private citizen, the Defendant must not have provoked the assault on him or been the

40

aggressor.  Mere words, without more, do not constitute provocation or aggression.  The circumstances under which the Defendant acted must have been such as to produce in the mind of a reasonably prudent person, similarly situated, the reasonable belief that a private citizen was then about to kill him or to do him serious bodily harm.

## Insanity

There is an issue in this case concerning the sanity of the Defendant at the time of the events alleged in Counts 1, 2, 3 and 4 of the Superseding Indictment.  If you conclude that the Government has proved beyond a reasonable doubt that the Defendant committed the crimes as charged, you must then consider whether the Defendant should be found "not guilty only by reason of insanity" as to Counts 1, 2, 3 and 4.

The Defendant was insane as the law defines that term only if, as a result of a severe mental disease or defect, the Defendant was unable to appreciate the nature and quality or the wrongfulness of the Defendant's acts.  While mental disease or defect does not otherwise constitute a defense, it may be considered by you in determining whether the requisite intent has been proven beyond a reasonable doubt as to Counts 1, 2, 3 and 4.

On the issue of insanity, it is the Defendant who must prove insanity by clear and convincing evidence. You should render a verdict of "not guilty only by reason of insanity" if you are persuaded by clear and convincing evidence that the Defendant was insane when the crime at issue was committed.

Remember, then, as to Counts 1, 2, 3 and 4, there are three possible verdicts in this case: guilty, not guilty, and not guilty only by reason of insanity.

In addition, as to Counts 1, 2 and 3, there is a fourth possible verdict, guilty of a lesser included offense.

## <u>On or About - - Knowingly - - Willfully</u>

You will note that the Superseding Indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the Superseding Indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the Superseding Indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

**Caution -- Punishment**
**(Single Defendant -- Multiple Counts)**

A separate crime or offense is charged in each count of the Superseding Indictment.  Each charge and the evidence pertaining to it should be considered separately.  The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty.  The Defendant is on trial only for those specific offenses alleged in the Superseding Indictment.

Also, the question of punishment should not be considered by the jury in any way in deciding your verdict.

## Duty to Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Verdict

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

46