UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



CASE NO. 04-60216-CR-COHN/SNOW

UNITED STATES OF AMERICA

    Plaintiff,

vs.

KENNETH WILK,
    a/k/a "Wolfpackeines,"

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO ARREST JUDGMENT ON COUNTS 1 AND 4 OF THE SUPERSEDING INDICTMENT

THIS CAUSE came before the Court on the Defendant's Rule 34 Motion to Arrest Judgment on Counts 1 and 4 of the Superseding Indictment [DE 1008]. The Court has considered the Motion, the Government's Response [DE 1016], the Defendant's Reply [DE 1020], and is otherwise fully advised in the premises.

The Defendant alleges that Counts 1 and 4 of the Superseding Indictment fail to charge an offense of first degree murder in that Count 1 does not allege premeditation and malice aforethought and Count 4 fails to allege premeditation. These arguments were previously raised and denied by this Court. Upon review of the Superseding Indictment, it is clear that the Defendant was put on notice that he was being charged with murder in the first degree.

Count 1 of the Superseding Indictment tracks the language of 18 U.S.C. § 1121 and refers to both § 1121 and 18 U.S.C. § 1111. Section 1111 defines murder in the first degree which includes both premeditation and malice aforethought. The

Superseding Indictment alleges an intentional killing of a state law enforcement officer and further alleges that the killing was perpetrated in an intentional manner to effect the death of a human being. Since the term "malice aforethought" means the intent to kill, the Superseding Indictment satisfies that element. Although premeditation in not mentioned in the body of Count 1, the "Notice of Special Findings" places the Defendant on notice that the death penalty is being sought as to that count and premeditation is alleged in paragraph B.2. Section 1121, on the other hand, does not include the elements of premeditation and malice aforethought but still clearly defines a crime of murder in the first degree since a violation of § 1121 is punishable only by life imprisonment or death. Nevertheless, in an abundance of caution, the jury was instructed that both elements must be proved by the Government beyond a reasonable doubt before returning a guilty verdict as to Count 1. Since the aforementioned Superseding Indictment adequately informs the Defendant that he was being charged with first degree murder, the Court finds it to be legally sufficient. See United states v. Ferm, 155 F.3d 1318 (11th Cir. 1998); United States v. Stefan, 784 F.2d 1093 (11th Cir. 1986).

Murder under § 924(j) only requires proof of an "unlawful killing of a human being with malice aforethought." Therefore, Count 4 does not require a showing of premeditation. Since the Superseding Indictment alleges malice aforethought in Count 4, it is sufficiently pled. See United States v. Ricketto, 317 F.3d 540, 544-45 (6th Cir. 2003); United States v. Williams, 342 F.3d 350, 356 (4th Cir. 2003); United States v. Chanthadara, 230 F.3d 1237, 1252 (10th Cir. 2000). It is thereupon

**ORDERED AND ADJUDGED** that the Defendant's Rule 34 Motion to Arrest

Judgment on Counts 1 and 4 of the Superseding Indictment [DE 1008] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 27th day of July, 2007.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies to:
All counsel of record