UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60216-CR-COHN/SNOW

UNITED STATES OF AMERICA
    Plaintiff,

vs.

KENNETH WILK,
    a/k/a "Wolfpackeines,"

Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO PROHIBIT THE FORFEITURE OF HIS RESIDENCE
## ORDER DENYING DEFENDANT'S MOTION FOR STAY

THIS CAUSE is before the Court upon Defendant Kenneth P. Wilk's Motion to Prohibit the Forfeiture of his Residence as Grossly Disproportionate Under the Eighth Amendment to the United States Constitution and Motion for Stay [DE 1009]. The Court has carefully considered the Motion, Government's Response [DE 1019], and is otherwise fully advised in the premises. Defendant did not file a reply and the time for filing a reply has passed.

### I. BACKGROUND

On June 5, 2007, the Defendant was found guilty by a jury of two counts of murder in the first degree, attempted second degree murder, using, carrying or possessing a firearm in furtherance of a crime of violence, obstruction of justice, possession of child pornography, and conspiracy to obstruct justice [DE 960]. On June 13, 2007, the same jury returned a special verdict of forfeiture [DE 989] finding that the Defendant's home was property used or intended to be used to commit or to promote

the commission of the crime of possession of child pornography. Pursuant to the jury's special verdict, the Court entered a Preliminary Order of Forfeiture [DE 1005] on June 21, 2007 ordering forfeiture of the Defendant's home. The amount to be forfeited, the Defendant's interest in the property, is $95,407.13.[1]

The Defendant now moves the Court to prohibit the forfeiture of his residence arguing that such forfeiture is excessive and would be grossly disproportionate to the severity of the conviction of possession of child pornography. Alternatively, the Defendant moves to stay any order of forfeiture pending appellate review.

## II. ANALYSIS

### A. Motion to Prohibit Forfeiture

The burden of proof in establishing that a forfeiture penalty is excessive under the Eighth Amendment is on the Defendant, the party challenging the constitutionality of the forfeiture. United States v. Ahmad, 213 F.3d 805, 816 (4th Cir. 2000). The Eleventh Circuit has held that if the value of the forfeited property is within the range of fines authorized by Congress and the United States Sentencing Guidelines, "a strong presumption arises that forfeiture is constitutional." United States v. Dicter, 198 F.3d 1284, 1292 (11th Cir. 1999); see also United States v. 817 N.E. 29th Drive, Wilton

---

[1] The Defendant owned the home with his partner, Kelly Ray Jones as joint tenants. When Jones forfeited his interest in the property to the United States, he destroyed the joint tenancy and created a tenancy in common under which each tenant possessed an equal fractional share of the property. United States v. Craft, 535 U.S. 274, 279 (2002). See also Wittock v. Ramponi, 446 So. 2d 271 (Fla. 4th DCA 1984). Upon agreement by the parties, the home was sold in September 2005 for $519,000.00. After subtracting the amount used to pay the existing mortgage, and expenses incurred during the sale such as repairs, appraisals, and closing costs, it is undisputed that the Defendant's one-half interest in the property amounts to $95,407.13.

Manors, Fla., 175 F.3d 1304, 1309 (11th Cir. 1999).

In this case, the maximum statutory fine for possession of child pornography is $250,000 and the guidelines range is $15,000 to $150,000. The Defendant's interest in his home, $95,407.13, falls below the statutory maximum and within the guidelines range. Therefore, forfeiture of the property is presumed constitutional. The Defendant has offered no evidence or argument to rebut this presumption. Accordingly, the Court finds that forfeiture of the Defendant's interest in his home is not an excessive fine in violation of the Eighth Amendment.

The Defendant also argues that the forfeiture violates the Excessive Fines Clause because it is grossly disproportionate to the gravity of the offense for which he was convicted. United States v. Bajakajian, 524 U.S. 321 (1998). As stated by the Government, a review of the evidence presented in this case clearly establishes that the forfeiture is proportional to the Defendant's activities. The evidence showed that the Defendant aided and abetted his partner, Kelly Ray Jones, in the use of a computer to possess images of child pornography. When Jones was released from prison and placed on supervised release, his probation officer advised the Defendant that Jones was not permitted to use a computer. Although the Defendant told the probation officer that he would keep the computer away from Jones, in reality the evidence showed that the Defendant aided and abetted Jones in the use of the computer. Additionally, the Defendant downloaded images of child pornography not only to conceal and destroy evidence, but to corruptly threaten a potential witness. In excess of 90 images depicting minors engaged in sexually explicit conduct were retrieved from computers found in the Defendant's home. The privacy of the home enabled the Defendant to

engage in the illegal child pornography activities without fear of discovery or public scrutiny. Based on this evidence, the Court finds that the characteristics of the Defendant's possession of child pornography are proportional to the amount to be forfeited and therefore, forfeiture of his interest in the home does not violate the Excessive Fines Clause. Defendant's Motion to Prohibit Forfeiture shall be denied.

### B. Motion to Stay

Upon a defendant's motion, a district court may stay an order of forfeiture "to ensure that the property remains available pending appellate review." Fed. R. Crim. P. 32.2. The sole purpose of a stay pending appeal is to "ensure that the property remains in tact and unencumbered so that it may be returned to the Defendant in the event the appeal is successful." Fed. R. Crim. P. 32.2(d), 2000 Adoption Advisory Committee Notes

In this case, the Defendant's interest in his home is already liquid. The money will obviously retain its intrinsic value and can certainly be replaced by the Government if the Defendant prevails on his appeal. In addition, the Defendant's likelihood of success on appeal is slim. Therefore, Defendant's Motion for Stay shall be denied.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant Kenneth P. Wilk's Motion to Prohibit the Forfeiture of his Residence as Grossly Disproportionate Under the Eighth Amendment to the United States

Constitution and Motion for Stay [DE 1009] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 6TH day of August, 2007.

_____
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies to all counsel of record