UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60216-CR-COHN/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KENNETH WILK,
    a/k/a "Wolfpackeines,"

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTIONS FOR A NEW TRIAL AND FOR JUDGMENT OF ACQUITTAL AFTER DISCHARGE OF JURY

THIS CAUSE is before the Court upon Defendant's Rule 33 Motion for a New Trial [DE 1006] and Rule 29(c) Motion for Judgment of Acquittal After Discharge of Jury [DE 1007]. The Court has carefully considered the Motions, Government's Responses [DEs 1017 and 1015, respectively], Defendant's Replies [DEs 1028 and 1029, respectively], and is otherwise fully advised in the premises.

### I. BACKGROUND

On June 5, 2007, the Defendant was found guilty by a jury of two counts of murder in the first degree (Counts 1 and 2), attempted second degree murder (Count 3), using, carrying or possessing a firearm in furtherance of a crime of violence (Count 4), obstruction of justice (Count 5), possession of child pornography (Count 6), and conspiracy to obstruct justice (Count 7) [DE 960]. Defendant now moves for a new trial pursuant to Federal Rule of Criminal Procedure 33 and for a Judgment of Acquittal in accordance with Rule 29. The Court shall address both Motions herein.

## II. ANALYSIS

### A. Rule 33 Motion for New Trial

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." In this case, the Defendant raises the following bases for his Motion: 1) comments made during the Government's closing argument denied Defendant a fair trial and due process; 2) the Court erred in excluding expert testimony regarding the decedent's steroid usage and proper police procedures; 3) the Court erred in refusing to give the Defendant's proposed jury instructions, specifically the instructions on imperfect self-defense, diminished capacity, the "castle doctrine," and justifiable and excusable homicide; 4) the Court improperly denied Defendant's repeated motions for a mistrial; and 5) the cumulative effect of the errors in this case denied the Defendant a fair trial and due process. For the following reasons, the Court finds no basis for granting the Defendant a new trial in this case.

#### 1. Prosecutors' Comments During Closing Arguments

First, the Defendant alleges that he was deprived of a fair trial when the Assistant United States Attorney John Kastrenakas improperly argued that the money spent on the Defendant's experts was a waste of taxpayer dollars. During closing arguments, Mr. Kastrenakas stated, "Where do you find people like this, and where are our tax dollars going to pay them? This is ridiculous. It's outrageous." (Trial Trans., May 22, 2007, at 63.) While, as stated at trial, the Court agrees that this argument was "totally improper," the emphatic curative instruction and strong admonition given in the jury's presence was sufficient to remedy the problem. The Defendant also cites various

other comments made by the prosecutors during closing arguments which he believes undermined the fairness of the trial. Given the weight of the evidence, the Court finds it unlikely that but for the improper comments, the jury's verdict would have been different. United States v. Calderon, 127 F.3d 1314, 1335 (11th Cir. 1997) (quoting United States v. Rodgers, 981 F.2d 497, 499 (11th Cir. 1993)) ("'For a prosecutor's remarks to offend due process, the remarks must be improper and a reasonable probability must exist that, but for the offending remarks, the defendant would not have been convicted'"). Therefore, the Court finds that a new trial is not warranted even though an improper comment was made by the Government during closing arguments.

Relying on a case previously involving Mr. Kastrenakas, United States v. Campa, 419 F.3d 1219, 1251-52 (11th Cir. 2005), vacated in part on reh'g en banc 459 F.3d 1121 (11th Cir. 2006), the Defendant also alleges that there is a pattern of improper closing arguments by this prosecutor which must be discouraged by the Court. Again, the Court finds that this allegation is insufficient to establish a need for a new trial since the argument did not offend the Defendant's due process rights and right to a fair trial as it is unlikely that but for the comment the jury would have returned a verdict of not guilty.

## 2. Exclusion of Expert Testimony

Defendant next argues that the Court should grant him a new trial because the Court erred in excluding the expert testimony of Dr. Harrison Pope and William T. Gaut. The defense intended to call Dr. Pope to testify regarding the presence of anabolic steroids in the decedent's system and the aggressive behavior caused by such steroid use. Mr. Gaut planned to testify about the Broward Sheriff Office's entry procedures in

3

an effort to establish that proper procedures were not employed in this case. To support his contention that the admission of this evidence would have altered the jury's verdict, the Defendant relies on a newspaper article in which one of the jurors told reporters that when deliberations began, only four of the twelve jurors believed that the Defendant intentionally murdered Deputy Todd M. Fatta and that a number of jurors were in favor of convicting the Defendant of the lesser included offense of second degree murder. As previously determined by this Court, this evidence was irrelevant to the crimes charged and its probative value was substantially outweighed by its prejudicial effect. The contents of the newspaper article do not change the fact that the evidence was inadmissible under the Federal Rules of Evidence. The Court's prior evidentiary rulings shall stand.

### 3. Jury Instructions

Defendant also argues that he is entitled to a new trial because the Court refused to give all of his requested jury instructions. Defendant specifically references the Court's failure to give the requested instructions on imperfect self-defense, diminished capacity, the "castle doctrine," and justifiable and excusable homicide. As noted in the Government's Response, the Defendant's concerns regarding the jury instructions were fully litigated and ruled upon by this Court during the charge conference in this case. The Court instructed the jury on all crimes and defenses in accordance with the law of the Eleventh Circuit. The Defendant has provided no new law tending to show that the previous rulings were erroneous under Eleventh Circuit precedent. Additionally, the jury charge included both voluntary and involuntary manslaughter/attempted manslaughter as lesser included offenses of Counts 1, 2 and

3. The jury instructions contained a detailed explanation of the lesser included offenses and the mental state and mens rea requirement for each. Although the jury was not instructed on imperfect self defense and diminished capacity in the format requested by the Defendant, the instructions on the lesser included offense enabled the jury to consider these defenses. Accordingly, the Court finds no error in the jury instructions given in this trial sufficient to warrant a new trial.

### 4. Court's Denial of Motions for Mistrial

The next basis for Defendant's Motion for New Trial is that the Court erroneously denied his numerous motions for mistrial. Defendant realleges and readopts all motions for mistrial made during the course of trial. The motions for mistrial were fully litigated during the trial and properly denied. Curative instructions were given when necessary. The Court finds that the denial of the motions for mistrial were proper and do not provide a basis for granting a new trial.

### 5. Cumulative Error

Finally, Defendant alleges that the cumulative effect of the errors in this case rendered the trial fundamentally unfair. Again, the Court finds that its rulings during the course of trial were proper and that any errors were properly cured with curative instructions. There is therefore no basis for granting the Defendant a new trial based on the cumulative effect of individual errors.

### B. Rule 29(c) Motion for Judgment of Acquittal

Federal Rule of Criminal Procedure 29(c) enables a district court to set aside a jury's guilty verdict and enter an acquittal. In deciding whether a judgment of acquittal is proper, the court "'must view the evidence in the light most favorable to the government

and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" United States v. Garcia, 447 F.3d 1327, 1334 (11th Cir. 2006) (quoting United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005)). The Defendant has moved for a judgment of acquittal on all seven counts of the Superseding Indictment and the Forfeiture Petition contained in the Superseding Indictment. The majority of the claims raised by the Defendant in this Motion have been previously argued and decided by this Court. The Defendant does not cite to new law which would place the Court's prior rulings in question. Nevertheless, for completeness, the Court shall address the issues raised in the Defendant's Motion.

### 1. Counts 1, 2 and 4

The Defendant argues that the Court should grant a judgment of acquittal as to Counts 1, 2 and 4 because the Government failed to prove the elements of the crimes beyond a reasonable doubt including premeditation, malice aforethought, and the Defendant's knowledge of the injured and deceased as law enforcement officers . The Court finds that the overwhelming amount of evidence presented by the Government was sufficient to prove all of the requisite elements of each of the counts and therefore supports the jury's conviction. The jury was given detailed definitions of premeditation and malice aforethought and the evidence supports their finding of both elements. Second, even taking as true the Defendant's claim that Government was required to prove that the Defendant actually knew that the victim was a law enforcement officer, the evidence supported this finding by the jury. See United States v. Alvarez, 755 F.2d 830, 842-43 (11th Cir. 1985) ("[T]here may well be circumstances in which ignorance of the official status of the person assaulted or resisted negates the very existence of

*mens rea*. For example, where an officer fails to identify himself or his purpose.") The other agents present at the scene of the crime testified that they knocked and loudly announced their presence. Additionally, the victim was dressed in a t-shirt bearing the word "SHERIFF."

The Defendant also argues that a judgment of acquittal should be entered as to Counts 1 and 4 because the Superseding Indictment fails to allege premeditation and malice aforethought as to Count 1 and premeditation as to Count 4. These arguments were previously raised and denied by this Court, most recently in this Court's Order Denying Defendant's Motion to Arrest Judgment [DE 1024]. Again, the Court finds that the Superseding Indictment was sufficient to put the Defendant on notice that he was being charged with murder in the first degree.

Next, Defendant moves for a judgment of acquittal as to Count 4 because the Defendant is allegedly accused of two crimes in the one count. Defendant contends that Count 4 charges him with both use of a firearm "during and in relation to" a crime of violence and possession of a firearm "in furtherance of" a crime of violence. Since the Superseding Indictment mirrors the language of the statute, 18 U.S.C. § 924, the Court finds this argument completely without merit.

Finally, the Defendant claims that he is entitled to a judgment of acquittal as to Counts 1, 2 and 4 because the charges are multiplicitous. As already determined by the Court, Counts 1, 2 and 4 are not multiplicitous because under the Blockburger test, each contains an essential element that the other does not.

Accordingly, the Defendant's Motion shall be denied as to Counts 1, 2 and 4.

### 2. Counts 3, 5, 6 and 7

The Defendant next seeks a judgment of acquittal as to Counts 3, 5, 6 and 7, arguing that the Government failed to prove beyond a reasonable doubt the elements of each of the crimes. All of the Defendants' arguments were previously raised and denied by the Court. The Court again finds that the evidence presented against the Defendant as to each of these counts was sufficient to support the jury's guilty verdict.

### 3. Defendant's Other Arguments

The Defendant also reiterates many of the arguments raised in his Rule 33 Motion as a basis for a judgment of acquittal. Specifically, the Defendant contends that he is entitled to the entry of a judgment of acquittal because the Court erred in denying his numerous motions for mistrial, excluding expert testimony regarding steroid usage and police procedures, and failing to give all the Defendant's requested jury instructions. The Court adopts all of its rulings as to the Rule 33 Motion herein and finds that these arguments fail to establish a basis for a judgment of acquittal. Additionally, the Defendant argues that he is entitled to a judgment of acquittal because the Court improperly admitted co-conspirator hearsay statements. Again, this issue was previously addressed by the Court. The Court finds no error in the admission of the co-conspirator statements. In fact, upon the Defendant's request, the Court admitted many portions of the statements which the Government sought to redact in order to put the Defendants' conversations in context.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant's Rule 33 Motion for a New Trial [DE 1006] and Rule 29(c) Motion for

Judgment of Acquittal After Discharge of Jury [DE 1007] are **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 15th day of August, 2007.

*/s/ James I. Cohn*
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies to all counsel of record